IDA E. RICHARDSON *v.* GEORGE F. FLETCHER.

Special Term at Brattleboro, November, 1907.

Present: TYLER, MUNSON, WATSON, and HASELTON, JJ.

Opinion filed January 24, 1908.

*Wills—Executor—Failure Seasonably to Present Will to Probate Court—Action for Penalty—Statute of Limitation—Fraudulent Concealment—Effect.*

Since the right of action and the remedy, given by V. S. 2353 to a person interested in a will against the person named therein as executor for not seasonably presenting it to the probate court, are wholly statutory, V. S. 1990, providing that, "Actions upon a statute, for a penalty or forfeiture given in whole or in part to the party aggrieved, shall be commenced within four years after the commission of the offence, and not after," begins to run when such named executor commits the offence, regardless of the fact that he fraudulently conceals from the person injured that he had neglected so to present the will.

ACTION on V. S. 2359 against a person named as executor in a will to recover the penalty prescribed for not seasonably presenting it to the probate court. Heard on demurrer to replication to plea of the Statute of Limitations, at the June Term, 1905, Windsor County, *Rowell,* J., presiding. Demurrer sustained, and replication adjudged insufficient. The plaintiff excepted. The opinion states the case and the substance of the replication.

*George A. Weston,* and *Davis & Davis* for the plaintiff.

The fraudulent concealment set forth in the demurrer prevents the running of the statute. *Morrill* v. *Palmer,* 68 Vt. 1; *Bailey* v. *Glover,* 88 U. S. 342; *Booth* v. *Warrington,* 4 Bro. P. C. 163; *So. Sea Co.* v. *Wymondsell,* 3 P. Wms. 143; *Hovenden* v. *Annesly,* 2 Sch. & D. 634; *Stearns* v. *Page,* 7 How. 819; *Moore* v. *Green,* 19 How. 69; *Sherwood* v. *Sutton,* 5 Mass. 143; *Snodgrass* v. *Bank,* 25 Ala. 161; *Miles* v. *Berry,* 1 Hill 296; *York* v. *Bright,* 4 Humph. 312; *Bree* v. *Bolbech,* 2 Doug. 655; *Clark* v. *Haugham,* 3 Dowl. & R. 322; *Franger* v. *George,* 5 Barn. & C. 149; *Turnpike Co.* v. *Field,* 3 Mass. 201; *Wells* v. *Fish,* 3 Pick. 75; *Jones* v. *Vonoway,* 4 Yeates 109; *Rush* v. *Bars,* 1 Watts 110; *Pennock* v. *Freeman,* 1 Watts 401; *Carr* v. *Hilton,* 1 Curtis (C. C.) 230; *Homer* v. *Foote,* 1 Pick. 435; *Bowman* v. *Sanborn,* 18 N. H. 205; *Douglass* v. *Elkins,* 28 N. H. 26; *Way* v. *Cutting,* 20 N. H. 187; *Preston* v. *Cutter,* 64 N. H. 461; *Boomer* v. *French,* 40 Iowa 601; *Fendley* v. *Stewart,* 46 Iowa 655; *Persons* v. *Jones,* 12 Ga. 371; *Tex. & Pac. Ry. Co.* v. *Gay,* 86 Tex. 561; *Reynolds* v. *Hennessey,* 17 R. I. 164; *Cole* v. *McGlathy,* 9 Me. 131; *Smith* v. *Bishop,* 9 Vt. 110; *Bailey* v. *Glover,* 21 Wall. (U. S.) 347; *Gurby* v. *Lake Shore etc.,* 120 U. S. 130; *Traer* v. *Clews,* 115 U. S. 528; *Vance* v. *Mottley,* 92 Tenn. 310; *Lewis* v. *Denison,* 22 Wash. 149; *Deake Appt.* 80 Me. 50; *Dozier* v. *Ellis,* 28 Miss. 730; *Fears* v. *Sykes,* 35 Miss. 633; *Edwards* v. *Gibbs,* 39 Miss. 166; *Cocke* v. *McGinnis,* 1 Mart. & Y. 361; *Shelby* v. *Shelby,* 1 Coke (Tenn.) 179; *Reeves* v. *Dougherty,* 7 Yerg. 222; *Callis* v. *Waddy,* 2 Munf. 511; *Vanbibber* v. *Beirne,* 6 W. Va. 168; *Rice* v. *White,* 4 Leigh 474; *Londonderry* v. *Arnold,* 30 Vt. 401.

*Hunton & Stickney* for the defendant.

TYLER, J.   This case was before this Court at the October term, 1901, on general and special demurrer to the declaration. It was then held that V. S. 2359 was a penal statute, and that the action having been brought to recover the forfeiture therein provided, the declaration was insufficient in that it did not contain a substantive allegation that the offence charged was committed against the form of the statute.

The amended declaration charges the defendant with having committed an offence against the statute.   It alleges that the testatrix died July 21, 1889; that her will was in the defendant's possession from the time of its execution until July 5, 1898, when he presented it to the probate court.   The defendant relies upon his four pleas of the Statute of Limitation.   The fifth and seventh aver, respectively, that the alleged causes of action, if they ever existed, did not accrue and that the defendant was not guilty of any of the alleged wrongs at any time within four years next before the commencement of the suit; the ninth and tenth, that as to so much of the supposed wrongs as are alleged to have been committed more than four years before the commencement of the suit, none of them accrued and that he was not guilty of any of them within said four years, etc.

The replication is, in substance, that the defendant, knowing that he was executor of the will of Sarah A. Fletcher, having the will in his possession, and knowing that the testatrix died July 21, 1889, did designedly and fraudulently conceal from the plaintiff the fact that he, the defendant, had neglected to signify to the probate court, within the time prescribed by the statute, either his acceptance of the trust or his refusal in writing to accept it, and had not given the court any excuse, as the statute requires, for such neglects.

The demurrer admits the truth of the facts alleged in the replication, and the only question is whether, in view of those facts, the Statute of Limitation is a bar to the plaintiff's recovery of the prescribed penalties.

The plaintiff cites a large number of cases from which she claims that the general rule is, both at law and in equity, that in cases of fraudulent concealment, where the party injured remains in ignorance of the fraud without fault on his part,

the statute does not begin to run until the fraud is discovered. But this question is not before us and we are not required to render a decision upon it. It has already been held by this Court that the right of action here sought to be enforced and the remedy are conferred by the statute.

Sections 2357, 2358 and 2359 require that if a person has the custody of a will he shall, within thirty days after he knows of the death of the testator, deliver it into the probate court or to the executor named in the will; and that a person named as executor in a will shall, within thirty days after he knows of the death of the testator, or within thirty days after he knows that he is named executor, present such will to the probate court, unless it has been otherwise returned, and shall, within such period, signify his acceptance or refusal of the trust; and they provide that a person who neglects any of these duties without sufficient excuse, shall forfeit ten dollars for each month he so neglects, after said thirty days, which sums may be recovered in an action on the case by any persons having an interest in the will.

The duty imposed upon an executor is purely statutory, and his refusal or neglect to perform that duty is an offence created by statute. The same statute provides by whom the action shall be brought, fixes the time within which it shall be brought and prescribes the penalty.

A reference to other sections of the statute may aid us in giving effect to the sections upon which this action is founded.

Section 1987 provides that if an action, complaint, information, or indictment for a crime or misdemeanor, other than arson and murder, is commenced after the time limited in the two preceding sections, such proceedings shall be void. Those two sections fix the time within which prosecutions shall be commenced for the commission of the highest crimes. Section 1988 prescribes the time within which actions upon a statute shall be brought for a penalty or forfeiture given in whole or in part to a person who prosecutes for the same. Section 1989 fixes the time within which actions shall be commenced where the penalty is given wholly or in part to the state, county or town. Section 1990, by virtue of which this action is brought, reads:

"Actions upon a statute, for a penalty or forfeiture given in whole or in part to the party aggrieved, shall be commenced within four years after the commission of the offence, and not after."

Section 1992 requires that, when a complaint, information, or indictment is exhibited, the clerk of the court or magistrate shall make a minute thereon of the day, month and year when it was exhibited, and the next section makes the same requirement in respect to actions brought under that chapter.

We cite these sections of the statute to show that substantially the same requirements are made in respect to the time when prosecutions by indictments and informations and actions to recover penalties shall be commenced. As in the case of crime the statute begins to run at the time of the commission of the offence.

*Judgment of the county court, sustaining the demurrer to the replication and adjudging the replication insufficient, affirmed and cause remanded.*